UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 10-50092-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| EDWARD J.S. PICARDI, M.D., | ) | |
| | ) | |
| Defendant. | ) | |

On March 7, 2013, the government filed a motion requesting permission to disclose the presentence investigation report in this case to the primary case agent, IRS Special Agent Christopher Wright. (Docket 211). The government asserts that given the "complex nature of the case and Agent Wright's role in preparing and presenting this matter at trial, it would be beneficial for him to have access to a copy of the report to aid the Government in assessing whether to forward any objections or request any amendments to the report." Id.

Federal Rule of Criminal Procedure 32(e) sets the standard for disclosing the presentence report to the defendant, the defendant's attorney, and the prosecuting attorney. Fed. R. Crim. P. 32(e)(2). However, Rule 32 is silent as to whether and under what circumstances the presentence report may be disclosed to persons other than those specifically mentioned.

Presentence investigation reports are generally considered to be confidential documents and should be disclosed to third parties only under limited circumstances. See United States Dep't of Justice v. Julian, 486 U.S. 1, 12 (1988) ("the courts have typically required some showing of special need before they will allow a third party to obtain a copy of a presentence report"); United States v. McKnight, 771 F.2d 388, 391 (8th Cir. 1985) ("Generally, pre-sentence reports are considered as confidential reports to the court and are not considered public records, except to the extent that they or portions of them are placed on the court record or authorized for disclosure to serve the interest of justice.").

A district court has "supervisory power over its own records and files." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). As a result, the decision whether to release otherwise confidential presentence reports is largely committed to the court's discretion. United States v. Jewell, 614 F.3d 911, 921 (8th Cir. 2010) (district court's decision to provide or deny a criminal defendant access to another person's presentence investigation report is reviewed for abuse of discretion). "It is generally agreed that 'some showing of special need' is required before a district court should release a PSR to a third party." United States v. Spotted Elk, 548 F.3d 641, 672 (8th Cir. 2008).

In this case, the government has made a showing of special need. This case was complex in nature, involving several counts of tax evasion, filing

false tax forms, and failing to report foreign financial accounts. Agent Wright, as the primary case agent, spent a significant amount of time investigating these offenses, preparing documents for trial, and presenting evidence at trial. Given Agent Wright's substantial involvement in this case, the court finds that providing Agent Wright with a copy of the presentence investigation report will aid the government in reviewing the report and making any necessary objections or requests for amendments. Accordingly, it is hereby

ORDERED that the government's motion for permission to disclose the presentence investigation report to IRS Special Agent Christopher Wright (Docket 211) is granted.

IT IS FURTHER ORDERED that Agent Wright is bound by the nondisclosure restrictions as defined in page 2 of the report.

IT IS FURTHER ORDERED that Agent Wright shall return the presentence investigation report to government counsel immediately following sentencing in this case.

Dated March 19, 2013.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE